IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **KAYLA SHACKELFORD,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**DIRECT ENERGY LP,** a Texas company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Kayla Shackelford ("Shackelford" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Direct Energy LP ("Direct Energy" or "Defendant") to stop Direct Energy from violating the Telephone Consumer Protection Act by making unsolicited, autodialed calls to consumers without their consent, including calls to consumers registered on the National Do Not Call registry, and to obtain injunctive and monetary relief for all persons injured by Direct Energy's conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## INTRODUCTION

1. Founded in 1986, Direct Energy has become one of North America's largest energy and energy-related service providers. Direct Energy is a subsidiary of Centrica plc and operates in 46 U.S. states as well as 10 provinces in Canada.[1]

---

[1] https://www.linkedin.com/company/direct-energy/

2. In order to sustain its significant size and to expand its business, Direct Energy utilizes many marketing methods including telemarketing.

3. Unfortunately, Direct Energy's telemarketing practices violated the Telephone Consumer Protection Act because Direct Energy telemarkets to thousands of consumers using an autodialer without their consent, including to consumers who have specifically registered their phone numbers on the Do Not Call Registry to avoid unsolicited calls.

4. In Plaintiff's case, Direct Energy made more than 50 unsolicited, autodialed calls to her cellular phone, despite Plaintiff registering her phone number with the National Do Not Call Registry to prevent such calls.

5. In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease placing unsolicited calls to consumers' cellular telephone numbers using an automatic telephone dialing system without consent and otherwise calling telephone numbers registered on the National Do Not Call Registry ("DNC"), as well as an award of statutory damages to the members of the Classes and costs.

## PARTIES

6. Plaintiff Shackelford is a Marietta, Ohio resident.

7. Defendant Direct Energy is a Texas company headquartered in Houston, Texas. Defendant conducts business throughout this District, the State of Texas, and throughout the United States.

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

9. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is headquartered in this District and because the wrongful conduct giving rise to this case occurred in this District.

## COMMON ALLEGATIONS

**Direct Energy Markets its Services by Making Autodialed Calls to Consumers' Cellular Phone Numbers Without Consent and Regardless of Whether They Are Registered on the National Do Not Call Registry**

10. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

11. Yet in violation of this rule, Defendant fails to obtain any express written consent prior to making autodialed solicitation calls to cellular telephone numbers such as Plaintiff's.

12. In placing the calls that form the basis of this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS" or "autodialer") in violation of the TCPA. Specifically, the hardware and software used by Defendant has the capacity to store and/or generate numbers to be called using a random or sequential number generator, and/or to receive and store lists of telephone numbers and to dial such numbers, *en masse,* in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

13. Not surprisingly, there are numerous online complaints about Defendant's calls to consumers who never gave consent to be called, including consumers that request that Defendant stop calling, or who are otherwise registered on the National DNC registry:

- "They call 24/7 even when I'm at work I'm been asking them to stop but the dumbass hangs up on me and someone else calls right back"[2]
- "Call multiple times a day. Never anyone there."[3]
- "calls 3-5 times a day, never a message or anyone [on] the line"[4]
- "no one there"[5]
- "I have gotten 18 calls on my cell phone from this number 8773417635 in the last 4 days I'm tired of it I blocked them and they still call my phone."[6]
- "Number is in my block list still [get] several calls a day showing. I am on Do Not Call Registry, a lot of good that does"[7]
- "calling me asking me if i pay the bills when i dont have my own house"[8]
- "Direct Energy bugging me."[9]
- "Calls several times a day."[10]
- "Got a call from them at 1:50 AM!!!!! WTF???"[11]

14. Upon information and belief, Direct Energy owns/operates and/or utilizes the the telephone number referenced in the complaints, 877-341-7635, which was the same number used to call Plaintiff. In fact, when calling the phone number 877-341-7635, the automated message identifies the company as being Direct Energy as well as the operators upon answering.

---

[2] https://800notes.com/Phone.aspx/1-877-341-7635/2
[3] https://www.shouldianswer.com/phone-number/8773417635
[4] id
[5] id
[6] https://www.everycaller.com/phone-number/1-877-341-7635/
[7] id
[8] https://findwhocallsyou.com/8773417635?CallerInfo
[9] id
[10] id
[11] id

4

# PLAINTIFF'S ALLEGATIONS

**Direct Energy Repeatedly Called Plaintiff's Cell Phone Number Without Plaintiff's Consent, Despite Plaintiff Registering Her Phone Number on the DNC**

15. On November 2, 2017, Plaintiff registered her cellular telephone number on the National Do Not Call Registry.

16. On June 15, 2018 at 3:03 PM, Plaintiff received an unsolicited, autodialed call from Defendant to her cellular phone using phone number 877-341-7635. When Plaintiff answered the call, there were 8 seconds worth of silence on the line before the line disconnected, and no response to anything Plaintiff said, indicating the call was made using an automatic dialing system.

17. Thereafter, from June 15 at 8:27 PM and July 9 at 3:20 PM, Defendant placed 52 more unsolicited, autodialed calls to Plaintiff's cellular number, at the dates and times indicated below, using phone number 877-341-7635 for every call:

- June 15, 2018 @ 8:27 PM
- June 16, 2018 @ 9:31 AM
- June 16, 2018 @ 10:04 AM
- June 16, 2018 @ 2:50 PM
- June 18, 2018 @ 9:26 AM
- June 18, 2018 @ 10:37 AM
- June 19, 2018 @ 11:01 AM
- June 19, 2018 @ 3:29 PM
- June 20, 2018 @ 11:03 AM
- June 20, 2018 @ 3:19 PM
- June 20, 2018 @ 7:11 PM
- June 21, 2018 @ 4:48 PM
- June 22, 2018 @ 9:51 AM
- June 22, 2018 @ 11:48 AM
- June 22, 2018 @ 3:55 PM
- June 23, 2018 @ 9:58 AM
- June 23, 2018 @ 3:55 PM
- June 25, 2018 @ 10:46 AM
- June 25, 2018 @ 1:40 PM
- June 25, 2018 @ 5:30 PM
- June 26, 2018 @ 12:13 PM
- June 26, 2018 @ 3:38 PM

5

- June 26, 2018 @ 6:05 PM
- June 27, 2018 @ 9:58 AM
- June 27, 2018 @ 11:16 AM
- June 27, 2018 @ 6:02 PM
- June 27, 2018 @ 8:58 PM
- June 28, 2018 @ 9:58 AM
- June 28, 2018 @ 11:47 AM
- June 28, 2018 @ 2:07 PM
- June 28, 2018 @ 3:44 PM
- June 28, 2018 @ 6:49 PM
- June 29, 2018 @ 10:02 AM
- June 29, 2018 @ 11:20 AM
- June 29, 2018 @ 6:12 PM
- June 30, 2018 @ 9:58 AM
- June 30, 2018 @ 11:15 AM
- July 2, 2018 @ 12:47 PM
- July 2, 2018 @ 6:58 PM
- July 2, 2018 @ 8:34 PM
- July 3, 2018 @ 12:22 PM
- July 3, 2018 @ 2:03 PM
- July 3, 2018 @ 4:11 PM
- July 3, 2018 @ 6:47 PM
- July 3, 2018 @ 8:20 PM
- July 5, 2018 @ 12:10 PM
- July 5, 2018 @ 3:26 PM
- July 6, 2018 @ 10:17 AM
- July 6, 2018 @ 2:41 PM
- July 6, 2018 @ 6:15 PM
- July 7, 2018 @ 4:58 PM
- July 9, 2018 @ 3:20 PM

18. Plaintiff does not have a relationship with Direct Energy or any of its affiliated companies, nor has she ever requested that Direct Energy call her or consented to any contact from Defendant.

19. Simply put, Direct Energy did not obtain Plaintiff's prior express written consent to place a solicitation telephone call to her on her cellular telephone using an autodialer.

20. The unauthorized telephone calls made by Direct Energy, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed

Shackelford's use and enjoyment of her phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

21. On information and belief, Defendant, or a third-party acting on its behalf, made substantively identical unsolicited, autodialed calls *en masse* to the telephone numbers of thousands of consumers. To the extent the calls were made on Defendant's behalf to consumers, Direct Energy provided the third-party access to its records, authorized use of its trade name, otherwise controlled the content of the calls, and knew of, but failed to stop, the making of the calls in violation of the TCPA.

22. Seeking redress for these injuries, Shackelford, on behalf of herself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed telephone calls to cellular telephones and unsolicited calls to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls Made by Direct Energy**

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following two Classes:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through the present (1) Defendant (or an agent acting on behalf of Defendant) called; (2) on the person's cellular telephone; (3) using an autodialer; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call Plaintiff, or (b) Defendant did not obtain prior express written consent.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called more than one time on his/her cellular telephone; (2) within any 12-month period; (3) where the cellular telephone number had been listed on the

7

National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff, or (b) Defendant did not obtain prior express written consent.

24. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

25. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

26. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a) whether Defendant utilized an automatic telephone dialing system to make its calls to Plaintiff and the members of the Classes;

    (b) whether Defendant systematically made multiple telephone calls to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry;

    (c) whether Defendant made telephone calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

    (d) whether Defendant's conduct constitutes a violation of the TCPA; and

      (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

27. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Classes.

28. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Autodialed No Consent Class)

29. Plaintiff repeats and realleges paragraphs 1 through 28 of this Complaint and incorporates them by reference herein.

30. Defendant and/or its agents made unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

31. These solicitation telephone calls were made *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation telephone calls.

32. Defendant did not have consent from the Plaintiff orally or in writing to call her.

33. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

34. In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

**SECOND CAUSE OF ACTION**
Telephone Consumer Protection Act
(Violation of 47 U.S.C. § 227)
(On Behalf of Plaintiff Shackelford and the Do Not Call Registry Class)

35. Plaintiff repeats and realleges the paragraphs 1 through 28 of this Complaint and incorporates them by reference herein.

36. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

37. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[12]

38. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

39. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

---

[12] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

40.  Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

41.  Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

42.  To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

f) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

g) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**KAYLA SHACKELFORD**, individually and on behalf of those similarly situated individuals

Dated: August 7, 2018

By:   /s/ *Jason Johnson*

Jason Johnson (Federal Bar No. 2561082, TX Bar No. 24065502)
Terrel Law Group
Jjohnson@terrellawgroup.com
8303 Southwest Freeway #450
Houston, TX 77074
Telephone: 346-718-8286

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*\*Pro Hac Vice motion forthcoming*